# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| AUDIO MESSAGING INC., | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| GUANGDONG OPPO MOBILE TELECOMMUNICATIONS CORP., LTD., | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Audio Messaging Inc. ("AMI" or "Plaintiff") for its Complaint against Defendant are Guangdong OPPO Mobile Telecommunications Corp., Ltd. ("OPPO" or "Defendant") alleges as follows:

## THE PARTIES

1. AMI is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 100 W. Houston Street, Marshall, Texas 75670.

2. Upon information and belief, OPPO is a corporation organized and existing under the laws of China, with its principal place of business located at 18 Haibin Road, Wusha, Chang'an Town, Dongguan, P.R. China 523860. Upon information and belief, OPPO is a majority stakeholder of subsidiary OnePlus Technology (Shenzhen) Co., Ltd. OPPO may be served pursuant to the provisions of the Hague Convention. OPPO is a leading manufacturer and seller of consumer electronics devices, including smartphones, tablets, streaming media players, smart devices, IoT devices, and audio devices, in the world and in the United States. Upon information

and belief, OPPO does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7. On July 21, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,088,667 (the "'667 Patent") entitled "System and Method for Associating Audio Clips with Objects." A true and correct copy of the '667 Patent is available at: https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=09088667&IDKey=&HomeUrl=%2F.

8. On October 2, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,280,014 (the "'014 Patent") entitled "System and Method for Associating Audio Clips with Objects." A true and correct copy of the '014 Patent is available at: https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=8280014.

9. AMI is the sole and exclusive owner of all right, title, and interest in the '667 Patent and the '014 Patent (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. AMI also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

10. AMI has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

11. The Patents-in-Suit generally cover systems and methods of associating an audio clip with an object wherein the voice-based system is used to record audio clips.

12. The '667 and '014 Patents relate to associating an audio clip with an object such as in messages or visual voicemail. The technology described in the '667 and '014 Patents was developed by Jarold Bowerman and David Mancini. For example, the technology is implemented by infringing phones that permit users to speak into the infringing phones' microphones in order to record an audio clip which is then associated with an image or file.

13. OPPO has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products including, but not limited to, OnePlus brand phones including,

but not limited to, the OnePlus 9 Pro 5G, OnePlus 9 5G, OnePlus 8 5G UW, OnePlus 8T, OnePlus 8 Pro, OnePlus 8, OnePlus 7T, OnePlus 7 Pro, OnePlus 6T, OnePlus Nord N200 5G, OnePlus Nord N10 5G, and OnePlus Nord N100 that infringe the Patents-in-Suit.

### COUNT I
### (Infringement of the '667 Patent)

14. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

15. AMI has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '667 Patent.

16. Defendant has and continues to directly infringe the '667 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '667 Patent. On information and belief, such OPPO products include at least the OnePlus brand phones and wearables that generate an audible message with an identifier for the particular user, using a voice-based system that includes a telephone associated with the particular user having a microphone to record the audible message.

17. For example, Defendant has and continues to directly infringe at least claim 13 of the '667 Patent by making, using, offering to sell, selling, and/or importing into the United States products that store an object having a unique identifier that is associated with a particular user on an object hosting unit. As an example, the OnePlus Pro 5G, running the Google Android operating system, performs the method of storing an object having a unique identifier, the object being an image or message and the unique identifier being the user's contact information:



18.     Defendant's products generate an audible message with an identifier for the particular user using a voice-based system that includes a telephone associated with the particular user having a microphone to record the audible message.  For instance, the OnePlus Pro 5G allows the user to access the phone's microphone and record an audio message, linking the user to the specific audio message to ensure the audio message can be distinguished from other users:



19. Defendant's products associate the audible message with the identifier for the particular user with the object having the unique identifier. The OnePlus Pro 5G user interface provides abstract message objects and groups them by sender. The message object can be content, such as a text message, markup, photograph, video, or an audio clip. The OnePlus Pro 5G connects the audio message, with the user's contact information, to a message object:



20. Defendant's products convert the audible message with the identifier for the particular user from the voice-based system into an audio clip format. The OnePlus Pro 5G uses a digital CODEC to convert and compress the audio message into an audio clip, such as MP3 or WAV.

21. Defendant's products associate the audio clip with the object having the unique identifier so that the audio clip can be accessed when the object is accessed. The OnePlus Pro 5G enables the user to access the object along with the audio clip simultaneously:

6



22. Defendant has and continues to indirectly infringe one or more claims of the '667 Patent by knowingly and intentionally inducing others, including OPPO's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that convert an audible message with an identifier for a particular user from a voice-based system into an audio clip format.

23. Defendant, with knowledge that these products, or the use thereof, infringe the '667 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '667 Patent by providing these products to end-users for use in an infringing manner.

24. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '667 Patent, but while remaining willfully blind to the infringement.

25. AMI has suffered damages as a result of Defendant's direct and indirect infringement of the '667 Patent in an amount to be proved at trial.

26. AMI has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '667 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '014 Patent)

27. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

28. AMI has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '014 Patent.

29. Defendant has and continues to directly infringe the '014 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '014 Patent. On information and belief, such OPPO products include at least the OnePlus brand phones and wearables that store at least one object having a unique identifier on an object hosting unit using a telephone separate from the object hosting unit as a microphone to record an audible message with an identifier for a particular user using a voicemail system.

30. For example, Defendant has and continues to directly infringe at least claim 16 of the '014 Patent by making, using, offering to sell, selling, and/or importing into the United States

8

products that use a telephone separate from the object hosting unit as a microphone to record an audible message with an identifier for a particular user using a voicemail system. As an example, the OnePlus 8 5G UW, running the Google Android operating system and using Verizon wireless network operator, supports a user interface to view, listen, and respond to voicemails, which are objects that may have an associated icon and data identifying the sender:



[2]

31.     Defendant's products store at least one object having a unique identifier on an object hosting unit. For example, the OnePlus 8 5G UW uses a voicemail server to store voicemail messages where it can access the voicemail messages to display on its user interface, a symbolic icon along with associated data, such as caller details such as the contact, date, duration, and more.

32.     Defendant's products use a telephone separate from the object hosting unit as a microphone to record an audible message with an identifier for a particular user using a voicemail

9

system.  The OnePlus 8 5G UW allows the voicemail to be recorded on the phone.  The user creates an audio message that contains an identifier, such as the user, so it can be distinguished by other voicemail entries:



33.  Defendant's products associate the audible message with the identifier for the particular user with the object having the unique identifier.  The OnePlus 8 5G UW supports voicemail messages as an object connected with the audio message along with the audio message's identifier.

34.  Defendant's products convert the audible message with the identifier for the particular user from the voicemail system into an audio clip format.  The OnePlus 8 5G UW converts and compresses the audio message into an audio clip format, such as MP3 or WAV, which is stored on the voicemail server.

35.  Defendant's products associate the audio clip with the object having the unique identifier so that the audio clip can be accessed when the object is accessed.  The OnePlus 8 5G

UW associates each audio voicemail message with at least one unique user identifier, such as contact information, from the sender. The voicemail is accessed through the user interface, displaying audio clip with the object.

36. Defendant's products access, using a computing device over a link, the object hosting unit to access the object and the audio clip. When the user taps Play to listen, or any other button, on the OnePlus 8 5G UW, the object is accessed, through which the audio clip is accessed from voicemail server.



37. Defendant has and continues to indirectly infringe one or more claims of the '014 Patent by knowingly and intentionally inducing others, including OPPO's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that use a telephone separate from the object hosting unit as a microphone to record an audible message with an identifier for a particular user using a voicemail system.

38. Defendant, with knowledge that these products, or the use thereof, infringe the '014 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '014 Patent by providing these products to end-users for use in an infringing manner.

39. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '014 Patent, but while remaining willfully blind to the infringement.

40. AMI has suffered damages as a result of Defendant's direct and indirect infringement of the '014 Patent in an amount to be proved at trial.

41. AMI has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '014 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, AMI prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of one or more of the Patents-in-Suit;

  c. An order awarding damages sufficient to compensate AMI for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

  d. Entry of judgment declaring that this case is exceptional and awarding AMI its costs and reasonable attorney fees under 35 U.S.C. § 285; and

  e. Such other and further relief as the Court deems just and proper.

Dated: October 8, 2021          Respectfully submitted,

                /s/ *Alfred R. Fabricant*
                Alfred R. Fabricant
                NY Bar No. 2219392
                Email: ffabricant@fabricantllp.com
                Peter Lambrianakos
                NY Bar No. 2894392
                Email: plambrianakos@fabricantllp.com
                Vincent J. Rubino, III
                NY Bar No. 4557435
                Email: vrubino@fabricantllp.com
                **FABRICANT LLP**
                411 Theodore Fremd Avenue,
                 Suite 206 South
                Rye, New York 10580
                Telephone: (212) 257-5797
                Facsimile: (212) 257-5796

                Justin Kurt Truelove
                Texas Bar No. 24013653
                Email: kurt@truelovelawfirm.com
                **TRUELOVE LAW FIRM, PLLC**
                100 West Houston Street
                Marshall, Texas 75670
                Telephone: (903) 938-8321
                Facsimile: (903) 215-8510

                **ATTORNEYS FOR PLAINTIFF,**
                **AUDIO MESSAGING INC.**